# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Norman Shigeru Shinsako,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV 18-08007-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Deborah M. Fine's Report and Recommendation ("R&R"), (Doc. 20), which recommends that the Petitioner Norman Shigeru Shinsako's Petition for the Writ of Habeas Corpus (Doc. 1) be denied. For the following reasons, the Court will adopt the R&R and deny the petition.

**BACKGROUND**

Because no party has objected to the procedural background as set forth in the R&R, the Court adopts the background set forth therein. (Doc. 20 at 1–3).

Magistrate Judge Fine recommends that Shinsako's Petition be denied and dismissed with prejudice. Shinsako timely objects to the Magistrate Judge's conclusion that his petition is procedurally defaulted. Shinsako argues (1) that his petition is not procedurally defaulted, (2) that the Yavapai Superior Court lacked subject matter jurisdiction over him so his conviction is void and (3) that his counsel was ineffective in communicating the terms of his plea agreement.

///

///

**STANDARD OF REVIEW**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**I.  Procedural Bar and Exhaustion of State Remedies**

Shinsako first argues that the Magistrate Judge incorrectly determined that his entire petition was unexhausted and procedurally defaulted. (Doc. 21 at 2).

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244 *et seq*. For a state prisoner to obtain review of his federal claims in federal court, he must first exhaust all available state remedies. 28 U.S.C. § 2254(b)(1)(A).

To exhaust state remedies, a prisoner must "fairly present" his claims to the appropriate state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). A prisoner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2004) (citations omitted). In Arizona, for non-capital cases, a petitioner does not exhaust a claim for purposes of federal review unless he has presented it to the Arizona Court of Appeals. *Id.* at 998.

Procedural default occurs when a petitioner has not exhausted his federal habeas claim by first presenting the claim in state court and is now barred from doing so by the state's procedural rules (including rules regarding waiver and preclusion). *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

In the event of procedural default, habeas review is foreclosed absent a showing of "cause and prejudice." *Reed v. Ross*, 468 U.S. 1, 11 (1984). To demonstrate cause, a petitioner must show that "some objective factor external to the defense" impeded his efforts to raise the claim in state court. *Davila v. Davis*, 137 S. Ct. at 2065 (internal citations and quotations omitted); *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). "Prejudice is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1992) (internal quotation omitted).

### A. Shinsako's Petition is Procedurally Defaulted

As Magistrate Judge Fine explained, Shinsako failed to present any of his claims for relief to the Arizona Court of Appeals after his initial petition was denied by the post-conviction relief trial court. (Doc. 20 at 4–5). Thus, Shinsako's claims for relief are technically unexhausted. *See Castillo*, 399 F.3d 998. And because Shinsako could not now return to state court to appeal the trial court's decision on his PCR petition, his claim is procedurally defaulted. *See Castille*, 489 U.S at 351. While Shinsako did file a separate petition directly to the Arizona Supreme Court, that petition was not an appeal from the trial court's decision on his post-conviction relief petition. Even construing that petition liberally as an appeal, it would have been untimely, and procedurally barred. Thus, Shinsako's petition is procedurally defaulted.

### B. Shinsako Does Not Establish Cause to Excuse His Default

Shinsako fails to argue that he has cause that would excuse his procedural default. He does not point to any factors "external to [his] defense" that impeded him from presenting his claim to the Arizona Court of Appeals after his post-conviction relief petition was initially denied by the Superior Court. *See Davila*, 137 S.Ct. at 2064. Shinsako does raise an ineffective assistance of counsel claim for the first time in his objections to the

1  R&R. While ineffective assistance of counsel claims may provide cause to excuse a
2  procedural default in some contexts, *see Martinez v. Ryan*, 566 U.S. 1 (2012), this
3  ineffective assistance of counsel claim only deals with how Shinsako's plea deal was
4  communicated to him, and cannot be used to show that he was impeded from presenting
5  his claims to the Arizona Court of Appeals. Because Shinsako failed to appeal his state
6  court post-conviction relief petition, his Petition here must be denied.

**IT IS THEREFORE ORDERED** that Magistrate Judge Fine's R&R (Doc. 20) is adopted.

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petitioner's Petition for the Writ of Habeas Corpus (Doc. 1).

**IT IS FURTHER ORDERED** that the request for a Certificate of Appealability and leave to proceed in forma pauperis on appeal is **DENIED** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 28th day of May, 2019.

_____
G. Murray Snow
Chief United States District Judge